IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael J. Ferola, #291941, | ) CIVIL ACTION NO. 9:13-2399-RBH-BM |
| Plaintiff, | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| S.C. Attorney General, S.C. Department of Corrections, Willie Eagleton, Ann Hallman, Ms. A. Graves, Felicia McQueen, Captain Rogers, Lt. Brayboy, Lt. Powell, Lt. Wheeler and Corporal Conyers, | ) |
| Defendants. | ) |

This action was originally filed in the South Carolina Court of Common Pleas, Fifth Judicial Circuit. Plaintiff is an inmate with the South Carolina Department of Corrections, housed at the Evens Correctional Institution, and is proceeding in this action pro se.

The Defendants removed the case to this United States District Court on September 4, 2013, asserting in the notice of removal that this Court has federal question jurisdiction over this case pursuant 28 U.S.C. § 1443 because Plaintiff has alleged claims of violations of his constitutional and/or federal statutory rights. Plaintiff thereafter filed an objection to the removal of this case, in which he appeared to assert that he is pursuing only state law causes of action, although Plaintiff's arguments were somewhat confusing. A review of the text of Plaintiff's Complaint reveals that he brings this action against the Defendants for "assault/battery, state law conspiracy, and gross negligence." [ECF No.1-1, p. 2]. Plaintiff further alleges that the state court has jurisdiction over his claims pursuant to the South Carolina Tort Claims Act ("SCTCA"). However, he does also reference the Constitution in the text of his Complaint, and Defendants have removed this action on the basis



that Plaintiff is pursuing relief under 42 U.S.C. § 1983.

On September 25, 2013, the undersigned entered an Order advising Plaintiff that if he is asserting federal claims in this lawsuit, then this case was properly removed to this Court, and that he was to advise the Court, in writing within twenty (20) days, whether he is asserting any federal claims in this lawsuit, or whether he is withdrawing any such claims and proceeding only with such state law claims as may be set forth in the Complaint. Plaintiff was further instructed that if he notified the Court that he is only pursuing state law claims in this lawsuit, an order of remand would be entered remanding this case to state court. In re Conklin, 946 F.2d 306, 324 (4th Cir. 1991). On October 17, 2013, Plaintiff filed a response in which he states that this lawsuit "only raises <u>State</u> <u>Law</u> <u>Claims</u> and any reference to the 'Constitution' in said complaint refers to the <u>State</u> <u>Constitution</u>." (emphasis in original).

When considering whether a case should be remanded, Courts are obligated to "construe removal jurisdiction strictly because of the 'significant federalism concerns implicated'", and to remand if federal jurisdiction is doubtful. Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004); see also Mulcahey v. Columbia Organic Chems., Co., 29 F.3d 148, 151 (4th Cir. 1994)[removing party bears the burden of proving subject matter jurisdiction]. Although federal jurisdiction exists when a federal question is presented on the face of a properly pleaded complaint; see Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987); and Plaintiff's complaint as originally pleaded made reference to potential federal claims sufficient to support the Defendants' removal of the case to this Court at that time, Plaintiff does also state in the "preliminary statement" of his Complaint that he is bringing this lawsuit for "assault/battery, state law conspiracy, and gross negligence" under the South Carolina Tort Claims Act, and he now also affirmatively states and



confirms in his response to the Court's Order of September 25, 2013 that he is only pursuing state law claims in this lawsuit.

Based on the forgoing, it is **recommended**[1] that Plaintiff's request to remand this case be **granted,** and that this case be **remanded** to the South Carolina Court of Common Pleas for disposition. See also Evans v. South Carolina Dep't. of Corrections, No. 09-640, 2009 WL 3245269 at * 2 (D.S.C. Oct. 5, 2009). Plaintiff is specifically advised that, following remand of his case, the only claims or causes of actions he will be deemed to be asserting are state claims. See also, Court Docket No. 13.

The parties are referred to the Notice Page attached hereto.

October 18, 2013  
Charleston, South Carolina

Bristow Marchant  
United States Magistrate Judge

---

[1] While many Courts have held that an order of remand is non-dispositive and can be issued by a United States Magistrate Judge in a non-consent case, it is not firmly established whether the undersigned can issue an order of remand, or whether a Report and Recommendation is required. Cf. Williams v. Beemiller, Inc., 527 F.3d 259 (2d Cir. 2008)[Finding that remand orders are dispositive]; Vogel v. U.S. Office Products Co., 258 F.3d 509, 514-517 (6th Cir. 2001)[same]; First Union Mortgage Co. v. Smith, 229 F.3d 992, 996-997 (10th Cir. 2000)[same]; In re U.S. Healthcare, 159 F.3d 142, 145-146 (3d Cir. 1998)[same]; Vaquillas Ranch Company v. Texaco Exploration & Production, Inc., 844 F. Supp. 1156, 1163 (S.D.Texas 1994); McDonough v. Blue Cross of Northeastern Pennsylvania, 131 F.R.D. 467 (W.D.Pa. 1990); City of Jackson v. Lakeland Lounge of Jackson, Inc., 147 F.R.D. 122, 124 (S.D.Miss. 1993); Long v. Lockheed Missiles & Space Co., 783 F.Supp. 249 (D.S.C. 1992). Therefore, out of an abundance of caution, a Report and Recommendation is being entered in this case.



3

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29401

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

